**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

```
_____
                              :
JOHN FLEMING,                 :
                              :   Civil Action No. 05-2320 (FLW)
             Plaintiff,       :
                              :
        v.                    :          O P I N I O N
                              :
MARK WESTFALL, et al.,        :
                              :
             Defendants.      :
_____:
```

**APPEARANCES:**

John Fleming, <u>Pro Se</u>
#53464-066/SBI # 267325A
FCC- Medium
P.O. Box 26040
Beaumont, TX 77720

**WOLFSON, District Judge**

Plaintiff, John Fleming, incarcerated at the Federal Correctional Center, Beaumont, Texas at the time he filed the instant complaint, seeks to bring this action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of indigence, the Court will grant his application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.[1]

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

_____

[1] As Plaintiff states that he is currently in transit to New Jersey for custody, the Court will not require him to produce a six-month institutional account statement.

Dockets.Justia.com

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's complaint will be dismissed.

**BACKGROUND**

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff seeks to sue two Burlington County assistant prosecutors, defendants Westfall and Bernardi, stating that they "performed acts of bad faith in violation of H.R. 3396 Citizen's Protection Act of 1998, 28 U.S.C. 530B, rules of ethics, and violations of constitutional law."  In particular, Plaintiff claims that these defendants are liable to him because of violations concerning his underlying state court criminal charges and/or convictions; including absence of probable cause to indict, discovery and evidentiary misstatements, and violations of rules of ethics.

Plaintiff asks for relief under 28 U.S.C. § 530B, the Constitution, and the Hyde Amendment.  Specifically, he asks that the acts of these defendants be referred to a grand jury, that they be dismissed from their positions, with a loss of pension and retirement benefits, and that they are referred to the ethics

2

committee.  He also asks for dismissal of the charges against
him.

**DISCUSSION**

**A.   Section 1915 Review**

In 1996, Congress enacted the Prison Litigation Reform Act
("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and
Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321
(April 26, 1996).  Congress's purpose in enacting the PLRA was
"primarily to curtail claims brought by prisoners under 42 U.S.C.
§ 1983 and the Federal Tort Claims Act . . . many of which are
routinely dismissed as legally frivolous."  Santana v. United
States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the
congressional plan for curtailing meritless prisoner suits is the
requirement, embodied in 28 U.S.C. § 1915A(b), that a court must
dismiss, at the earliest practicable time, any prisoner actions
that are frivolous or malicious, fail to state a claim, or seek
monetary relief from immune defendants.  "A pro se complaint may
be dismissed for failure to state a claim only if it appears
'beyond doubt that the plaintiff can prove no set of facts in
support of his claim which would entitle him to relief.'"
Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting
Haines v. Kerner, 404 U.S. 519, 520 (1972)).

In determining the sufficiency of a complaint, the Court
must be mindful to construe it liberally in favor of the

3

plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

**B.    28 U.S.C. § 530B**

Plaintiff seeks to bring this action alleging a violation of the "Citizen's Protection Act of 1998," 28 U.S.C. § 530B.  That statute, however, applies to attorneys of the Federal Government, mandating that federal attorneys be subject to ethical standards dictated by state laws and rules, and local federal court rules in the state where the attorney practices.  See 28 U.S.C. § 530B; see also 28 C.F.R. § 77.1, et seq.  In this case, Plaintiff seeks to sue two state prosecutors, not federal attorneys.

Furthermore, the statute cited by Plaintiff does not "create a right or benefit, substantive or procedural, enforceable at law by a party to litigation with the United States, including criminal defendants . . . and shall not be a basis for dismissing criminal or civil charges or proceedings . . . ."  28 C.F.R. § 77.5.

4

Therefore, Plaintiff's claims under § 530B will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## C.    Hyde Amendment

Plaintiff also states that he is entitled to relief under the Hyde Amendment, in which Congress authorized federal courts to "award to a prevailing party [in a criminal case], other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust." Pub. L. No. 105-119, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes); see United States v. Gilbert, 198 F.3d 1293, 1299-1303 (11th Cir. 1999)(discussing the Hyde Amendment's legislative history).

In the instant case, the Hyde Amendment's provisions for attorney's fees would not apply to Plaintiff, as he is not a prevailing party in a federal criminal case.  Therefore, these claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## D.    Constitutional Violations

Plaintiff also seeks relief citing "constitutional violations."  A plaintiff may have a federal cause of action

under 42 U.S.C. § 1983 for alleged violations of his

constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory . . . subjects, or causes to be
> subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable
> to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff

must demonstrate that the challenged conduct was committed by a

person acting under color of state law and that the conduct

deprived him of rights, privileges, or immunities secured by the

Constitution or laws of the United States.  See Parratt v.

Taylor, 451 U.S. 527, 535 (1981), overruled in part on other

grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v.

S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v.

Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

First, the only named defendants are state court

prosecutors, who are immune from damages for actions taken in

their official prosecutorial capacities.  See Imbler v. Pachtman,

424 U.S. 409 (1976).

Second, in a series of cases beginning with Preiser v.

Rodriquez, 411 U.S. 475 (1973), the Supreme Court has analyzed

the intersection of 42 U.S.C. § 1983 and the federal habeas

corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners

who had been deprived of good-conduct-time credits by the New
York State Department of Correctional Services as a result of
disciplinary proceedings brought a § 1983 action seeking
injunctive relief to compel restoration of the credits, which
would have resulted in their immediate release.  411 U.S. at 476.
The prisoners did not seek compensatory damages for the loss of
their credits.  411 U.S. at 494.  The Court held that "when a
state prisoner is challenging the very fact or duration of his
physical imprisonment, and the relief he seeks is a determination
that he is entitled to immediate release or a speedier release
from that imprisonment, his sole federal remedy is a writ of
habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court
addressed a corollary question to that presented in Preiser,
whether a prisoner could challenge the constitutionality of his
conviction in a suit for damages only under § 1983, a form of
relief not available through a habeas corpus proceeding.  Again,
the Court rejected § 1983 as a vehicle to challenge the
lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for
> other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into
> question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.  A claim for damages

7

bearing that relationship to a conviction or sentence
that has <u>not</u> been so invalidated is not cognizable
under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further

instructed district courts, in determining whether a complaint

states a claim under § 1983, to evaluate whether a favorable

outcome would necessarily imply the invalidity of a criminal

judgment.

Thus, when a state prisoner seeks damages in a § 1983
suit, the district court must consider whether a
judgment in favor of the plaintiff would necessarily
imply the invalidity of his conviction or sentence; if
it would, the complaint must be dismissed unless the
plaintiff can demonstrate that the conviction or
sentence has already been invalidated.  But if the
district court determines that the plaintiff's action,
even if successful, will <u>not</u> demonstrate the invalidity
of any outstanding criminal judgment against the
plaintiff, the action should be allowed to proceed, in
the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that

"a § 1983 cause of action for damages attributable to an

unconstitutional conviction or sentence does not accrue until the

conviction or sentence has been invalidated."  <u>Id.</u> at 489-90.

To the extent Plaintiff seeks damages arising from the

allegedly unlawful actions of the defendants, and if the facts

are as pleaded by Plaintiff, a judgment in Plaintiff's favor on

these claims necessarily would imply the invalidity of his

conviction.  Thus, based upon the facts as pleaded, these claims

appear to be barred by <u>Preiser</u> and/or <u>Heck</u> until such time as the

conviction is otherwise invalidated.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted.  An appropriate Order accompanies this Opinion.


                                        S/Freda L. Wolfson
_____       FREDA L. WOLFSON
                                        United States District Judge


Dated: May 10, 2005